# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUSTEES OF THE OPERATING
ENGINEERS' LOCAL 324 PENSION FUND,
OPERATING ENGINEERS' LOCAL 324
HEALTH CARE PLAN, OPERATING
ENGINEERS' LOCAL 324 VACATION
& HOLIDAY FUND, OPERATING FUND,
OPERATING ENGINEERS' LOCAL 324
APPRENTICESHIP FUND, and
OPERATING ENGINEERS' LOCAL 324
DEFINED CONTRIBUTION PLAN, Trust
Funds Established and Administered Pursuant
to Federal Law,

                                                                Case No. 17-10431

    Plaintiffs,                           Hon. Denise Page Hood

v.

PACITTO & FOREST CONSTRUCTION
COMPANY, a dissolved Michigan corporation,
JAT MANAGEMENT & CONSULTING, INC.,
a dissolved Michigan corporation, DAVID FOREST,
STEVE PACITTO, UMBERTO PACITTO,
JOSEPH PACITTO and THOMAS FOREST,
individually AND D/B/A PACITTO & FOREST
CONSTRUCTION COMPANY, and JAT
MANAGEMENT & CONSULTING, INC.,

    Defendants.
_____/

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT OR FOR SUMMARY JUDGMENT ON COUNT IV AND EXECUTION OF CONSENT JUDGMENT [Dkt. No. 14]

**I.    INTRODUCTION**

1

Plaintiffs (also referred to as the "Funds") filed a four-count Complaint against Defendants for alleged failure to make employee fringe benefit contributions, in violation of a collective bargaining agreement. On August 31, 2017, Plaintiffs filed the instant Motion to Enforce Settlement Agreement or for Summary Judgment on Count IV and Execution of Consent Judgment. [Dkt. No. 14] The Motion is fully briefed. The Court, having concluded that the decision process would not be significantly aided by oral argument, orders that the motion be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies the Motion.

## II. BACKGROUND

Under the terms and provisions of a Collective Bargaining Agreement between the Defendants (doing business as "Pacitto and Forest Construction" and "JAT Consulting and Management") and the Plaintiffs (the "CBA"), Defendants agreed to make employee fringe benefit contributions to the Funds on behalf of each employee employed by the Defendants and covered by the CBA. Plaintiffs allege that Defendants, in violation of the CBA, failed to remit the required fringe benefit contributions to the Funds. As a result of that failure, an audit was conducted on May 20, 2016, that revealed the Defendants owed the Funds $69,722.63 for the period of January 2013 through December 2015.

The parties engaged in negotiations over the course of months in order to come to an agreement for Defendants to pay delinquent fringe benefits owed to the Funds. On October 5, 2016, as a result of these on-going negotiations, the parties allegedly reached an agreement on the essential terms of the payment agreement. On October 20, 2016, Plaintiffs' counsel tendered to Defendants' counsel proposed settlement documents that memorialized the allegedly agreed upon essential terms. The proposed settlement documents consisted of a Payment Agreement, pursuant to which the Defendants would pay $74,575.63 according to a schedule of payments, and if such payments and/or other conditions were not met, a Consent Judgment could be entered upon the filing of a complaint.

On November 10, 2016, Defendants' counsel indicated to Plaintiffs' counsel that his clients had indicated they would sign the documents but most of the Defendants never signed the documents. Only Defendant Steve Pacitto, on behalf of himself and Pacitto and Forest Construction Company, signed the Payment Agreement. Only Steven Pacitto (on behalf of himself, Pacitto and Forest Construction Company, and JAT Management and Consulting Inc.) signed the Consent Judgment. David Forest, Thomas Forest, Umberto Pacitto, and Joseph Pacitto never signed either document, and no one signed the Payment Agreement on behalf of JAT Management & Consulting, Inc.

In the latter half of 2016 and early in 2017, counsel for the Defendants was informed that the Plaintiffs would file a complaint for entry of the Consent Judgment for Breach of the Payment Agreement and for Defendants' failure to sign same. Plaintiffs' counsel was informed that only Steve Pacitto would sign at this time and to move forward with the filing. None of the payments have been made pursuant to the Payment Agreement, and Defendants have not paid ongoing contributions for several months,[1] both of which are requirements under the terms of the Payment Agreement. A breach of the Payment Agreement based on the failure to comply with either of those requirements can trigger the entry of the Consent Judgment.

Plaintiffs filed the instant Motion seeking to enforce what they believe was an agreed upon settlement agreement covering the amounts owed for the period of January 2013 through December 2015. In the alternative, Plaintiffs seek partial summary judgment on Count Four of the Complaint and ask the Court to order an audit from January 2016 - present. Plaintiffs also request that they be allowed to begin execution of the Consent Judgment against all Defendants, while the audit for the subsequent period (January 2016 - present) is conducted.

## III. APPLICABLE LAW & ANALYSIS

---

[1] Defendants allegedly became delinquent in their Fringe Benefit payments subsequent to the audit and are currently delinquent for the period July 2016 through the present.

## A. Rule 56

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A

court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B.     Analysis**

   *1.     Enforcement of the Settlement Agreement*

Plaintiffs argue that the parties reached an enforceable settlement agreement on all material terms regarding Defendants' payment of delinquent fringe benefits owed to the Funds. Plaintiffs state that the parties' agreement was memorialized in the Payment Agreement and Consent Judgment signed by Steve Pacitto. Plaintiffs suggest that Defendants' counsel: (1) indicated that Defendants would sign those documents; and (2) "had a responsibility to ensure the agreed upon terms were fully and timely carried out, which he has failed to do." For those reasons, Plaintiffs argue that there is an enforceable agreement that the Court has the power to enforce. Citing *ARO Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976) ("Agreements settling litigation are solemn undertakings invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out"); *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71 (6th Cir. 1985) (it is within the inherent powers of the federal court to summarily enforce settlement agreements).

Before a district court can enforce a settlement agreement, it must conclude that

the agreement has been reached on all material terms. Citing *Brock v. Scheuner Corp.*, 841 F.2d 151 (6th Cir. 1988). In this case, only one of the five individuals to the Payment Agreement and the Consent Judgment (Steve Pacitto) has signed those documents.[2] No one signed the Payment Agreement on behalf of JAT Management & Consulting, Inc. (incidentally, no one signed either the Payment Agreement or the Consent Judgment on behalf of Plaintiffs).

As Defendants argue, the terms of the Payment Agreement govern the "Company." There are no terms that attribute any actions, duties or responsibilities to any named Defendant. There are only three places in the Payment Agreement that the named Defendants (including Thomas Forest and David Forest, both of whom have been dismissed from this action) appear in any manner other than as part of the "Company:" (a) in the caption; (b) in the first preamble paragraph (which defines "Company" to mean all Defendants); and (c) in the signature block. Plaintiffs have not offered any evidence that demonstrates that Steve Pacitto had the authority to bind any party other than himself. The documents reflect that Steve Pacitto signed them as "President" of Pacitto and Forest Construction Company, but there is no evidence in the record that he had that authority.

---

[2]Steve Pacitto also is the only one of the three remaining individual Defendants in this action. Plaintiffs previously voluntarily dismissed two of the individual Defendants set forth in the caption and as signatories to the Payment Agreement and Consent Judgment (David Forest and Thomas Forest).

The Court finds that there is a genuine dispute of material fact whether all of the parties have agreed upon all of the material terms in the Payment Agreement (or the Consent Judgment). Based on that finding, the Court cannot as a matter of law conclude that there is any "settlement agreement" in effect. And, even if the Court were to find that the Payment Agreement (and/or Consent Judgment) constituted a settlement agreement, Plaintiffs have not cited any terms in either document, nor any legal authority, that would permit the Court to enforce the documents against the Defendants who have not signed them. The Court denies Plaintiffs' motion to enforce a "settlement agreement."

2. *Summary Judgment of Count IV*

Plaintiffs argue that there is no genuine dispute of material fact regarding the amounts owed by Defendants pursuant to the May 20, 2016 audit (totaling $74,575.63). Plaintiffs assert that: (a) the amounts due have been admitted by Defendant Steve Pacitto; (b) Defendants' counsel has made a written representation that those amounts are due; and (c) Defendants have become delinquent in their contributions to the Funds since the "execution" of the Payment Agreement and Consent Judgment. For those reasons, Plaintiffs contend that summary judgment on Count Four of the Complaint and entry of the Consent Judgment is appropriate. The Court is not persuaded by Plaintiffs' argument.

First, as discussed above, although Steve Pacitto may have signed the documents, Plaintiffs have not identified any facts or law that demonstrates that Steve Pacitto has the authority to speak on behalf of the other Defendants. Plaintiffs do not indicate how Steve Pacitto's actions: (1) eliminate any genuine dispute about the amounts owed, as Steve Pacitto may have agreed to the amounts in order to avoid litigation, or (2) are binding on the other Defendants. Second, Plaintiffs do not specify the alleged written representation of Defendants' counsel regarding the amounts owed by Defendants. Plaintiffs have included as exhibits to their motion some emails from Defendants' counsel, including an email where he stated, "I was told that my client was going to sign the docs [the Payment Agreement and Consent Judgment] and I have not heard back." The Court does not find that the cited statement by Defendants' unequivocally demonstrates that Defendants' counsel admitted the amounts set forth in the documents (the amounts Plaintiffs claim is undisputed). The Court denies Plaintiffs' motion for summary judgment on Count IV.

### 3. *Partial Execution of the Judgment*

Plaintiffs assert that "the Court may allow the Plaintiffs to execute on the already signed payment agreement because it is a sum that is not in dispute." Relying on *United States ex rel. Gonter v. General Dynamics*, 2006 U.S. Dist. LEXIS 92512.

For the reasons discussed in Sections III.B.1. and 2. above, the Court cannot conclude that the "signed" Payment Agreement is enforceable or that the sum sought by Plaintiffs is not in dispute and *Gonter* is not applicable to this matter. Accordingly, the Court declines to allow Plaintiffs to execute on the Payment Agreement, in whole or in part, at this time.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Enforce Settlement Agreement or for Summary Judgment on Count IV and Execution of Consent Judgment [Dkt. No. 14] is **DENIED**.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: November 14, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager